UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE   DIVISION

| | |
|---|---|
| Alexander | Civil Action No. 16-00470 |
| versus | Judge Carol B. Whitehurst |
| Neustrom, et al | By Consent of the Parties |

**MEMORANDUM RULING AND ORDER**

Pending before the Court is a motion to dismiss pursuant to FRCP 12(b)(1) or alternatively pursuant to FRCP 12(b)(6) [Rec. Doc. 55], filed by Defendant, the State of Louisiana through the Louisiana Department of Corrections.  Plaintiff, Kenward Alexander, Jr., has filed a memorandum in opposition to the motion. [Rec. Doc. 62]. For the following reasons, the motion will be granted.

### *I. Background*

This action was originally brought by Plaintiff, Kenward Alexander, in the Fifteenth Judicial Court, Lafayette Parish, Lafayette, Louisiana, and was removed to this Court under the Court's federal question and supplemental jurisdiction. Plaintiff alleged claims under 42 U.S.C. §§ 1983, the Eighth and Fourteenth Amendments and the laws of Louisiana against Michael Neustrom, individually and in his Official Capacity as Sheriff of Lafayette Parish (Sheriff Neustrom"), John Bernard and Sandy Riviere, individually and in their official capacities as deputies for the LPSO

("Deputies"), as well as "Jane Doe" and "John Doe." *R. 1*. In his First Supplemental and Amended Petition, Plaintiff also named health providers at the Lafayette Parish Sheriff's Office including, Toree Roy and Quinceyeta Hamilton, Ian Duplantis, Cynthia Landry and Daneisha Marks. *R. 34*. Most recently, in his Second Supplemental and Amended Petition, Plaintiff named as additional defendants: the State of Louisiana, through its agency the Department of Corrections (the "DOC"), as well as DOC employees, Michelle David, Tamyra Young, Melanie Benedict, Stayce Falgout and Dr. Raman Singh.[1] *R. 60, ¶ 8*. Plaintiff also named Sandra Chaisson, an employee with University Hospital and Clinic, *Id. at ¶ 9*, and Mark Garber, the newly elected Lafayette Parish Sheriff. *R. 60.*

Plaintiff alleges that on or about March 18, 2015, he was incarcerated as a pretrial detainee in the Lafayette Parish Correctional Center, under the custody of the Lafayette Parish Sheriff's Department. Plaintiff alleges that on that date he was threatened by a group of inmates with physical violence which ultimately lead to him suffering injuries, including a fractured jaw. Plaintiff was taken to the University

---

[1] The plaintiff does not allege whether he names the DOC employees in their official capacities or individually. "A state employee, or an employee of a department within the state, sued in his or her official capacity is not considered a person for purposes of suit under § 1983." *Pellegrin v. Seal*, 2016 WL 6892809, at *2 (E.D.La., 2016) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)).

Hospital and Clinic where he was treated and released to the Sheriff's Department. Plaintiff alleges he required further medical treatment which the defendants failed to timely and adequately provide, thereby acting with deliberate indifference to Plaintiff's serious medical needs, resulting in further injury to him.

Plaintiff seeks money damages as well as injunctive relief from the prospective violation of the civil and constitutional rights of other pretrial detainees in the LPCC.

## *II. Legal Standard*

Under Federal Rule of Civil Procedure 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). In ruling on a Rule 12(b)(1) motion to dismiss, the Court may rely on (1) the complaint alone, presuming the allegations to be true; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts and the court's resolution of disputed facts. *Den Norske Stats Ojeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001). The party asserting jurisdiction bears the burden of establishing that the district court possesses jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). The standard of review for a motion to dismiss under Rule 12(b)(1) is the same as that for a motion to dismiss pursuant to Rule 12(b)(6). *United States*

*v. City of New Orleans*, 2003 WL 22208578, at *1 (E.D.La. Sept. 19, 2003).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 239 (5th Cir. 2009).

A legally sufficient complaint must establish more than a "sheer possibility" that the plaintiff's claim is true. *Iqbal*, 556 U.S. at 678. It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Id*. In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim. *Lormand*, 565 F.3d at 257. If there are insufficient factual allegations to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, the claim must be dismissed. *Twombly*, 550 U.S. at 555.

### *III. Discussion*

Plaintiff alleges a Section 1983 claim against the Louisiana Department of Corrections ("DOC"). The DOC exists as an agency of the State of Louisiana. *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312 (5th Cir.1999). Accordingly, the Court is without jurisdiction under Rule 12(b)(1) as the plaintiff's § 1983 claims against the DOC are barred by the Eleventh Amendment.[2]

In *Cozzo v. Tangipahoa Parish Council–President Government*, 279 F.3d 273(5th Cir. 2002), a Section 1983 action, the United States Fifth Circuit Court of Appeals noted:

> The Eleventh Amendment bars a state's citizens from filing suit against the state or its agencies in federal courts. When a state agency is the named defendant, the Eleventh Amendment bars suits for both money damages and injunctive relief unless the state has waived its immunity. By statute, Louisiana has refused any such waiver of its Eleventh Amendment sovereign immunity regarding suits in federal court. See La.Rev.Stat.Ann. § 13:5106(A).
>
> Furthermore, Congress may only abrogate a state's Eleventh Amendment immunity by unequivocally expressing its intent to do so and by acting pursuant to a valid exercise of power. We note that in enacting § 1983, Congress did not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States.

---

[2] Even if this Court had jurisdiction over the plaintiff's § 1983 claims against the DOC, which it does not, state agencies are not "persons" subject to suit under 42 U.S.C. § 1983. *Waldrop v. Bethancourt*, 2010 WL 3312501, *3 (E.D.La .2010) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989)); *Cronen v. Texas Dep't of Human Services*, 977 F.2d 934, 936 (5th Cir.1992).

*Id.* at 280–81 (internal cites omitted); *Francis v. Terrebonne Parish Sheriff's Office, Civ.*, 2009 WL 4730707, at *3 (E.D.La. Dec. 9, 2009).

Based on the foregoing jurisprudence,

**IT IS ORDERED** that the Motion To Dismiss Pursuant To FRCP 12(b)(1) filed by Defendant, the State of Louisiana through the Louisiana Department of Corrections [Rec. Doc. 55] is **GRANTED** and the plaintiff's claims against the State of Louisiana through the Louisiana Department of Corrections are dismissed without prejudice.

Thus done and signed this 23rd day of January, 2017 at Lafayette, Louisiana.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE