UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE   DIVISION

| | |
|---|---|
| Alexander | Civil Action No. 16-00470 |
| versus | Judge Carol B. Whitehurst |
| Neustrom, et al | By Consent of the Parties |

**MEMORANDUM RULING AND ORDER**

Before the Court is an unopposed[1] Motion To Dismiss Under FRCP Rule 12(b)(6) On Grounds Of Prematurity On Behalf Of Sandra Chaisson. [Rec. Doc. 84]. "[F]ailure to oppose a 12(b)(6) motion is not in itself grounds for granting the motion. Rather, a court assesses the legal sufficiency of the complaint." *Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc.*, 702 F.3d 794, 806 (5th Cir. 2012). After reviewing the record, the Court finds that the Motion has merit.

### *I. Background*

This action is brought by Plaintiff, Kenward Alexander, pursuant to 42 U.S.C. §§ 1983, the Eighth and Fourteenth Amendments and the laws of Louisiana, for injuries allegedly sustained by Plaintiff while he was a pre-trial detainee in the Lafayette Parish Correctional Center ("LPCC"). Plaintiff also asserted a cause of action related to allegedly inadequate medical treatment rendered to him by various

---

[1] In correspondence to the Court dated March 16, 2017, Counsel for Plaintiff indicated that he would not oppose Chaisson's Motion.

healthcare providers relative to his alleged injuries.

On March 15, 2016, Plaintiff filed a Complaint with the Division of Administration seeking to present his claims against, *inter alia*, Defendant Chaisson's employer, University Hospital and Clinics ("UHC"), in accordance with Louisiana law. *R. 84-2*. Thereafter, on December 22, 2016, Plaintiff added Defendant Chaisson in its Second Supplemental and Amended Complaint based on her alleged involvement in the medical care of Plaintiff by and in association with UHC. *R. 60*. Chaisson contends that, just as his claims against UHC, Plaintiff's claims against her are as a "health care provider" under the Louisiana Medical Malpractice Act. Chaisson further contends, as Plaintiff must file a medical malpractice claim with the Division of Administration Patient's Compensation Fund related to this action against her, this action is therefore premature.

## *II. Motion To Dismiss Standard*

To survive a Rule 12(b)(6) motion to dismiss, the plaintiffs must plead enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. A court must accept all well-pleaded facts as true

and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232–33 (5th Cir.2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir.1996). But the Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 129 S.Ct. at 1949–50.

A legally sufficient complaint must establish more than a "sheer possibility" that plaintiffs' claim is true. *Id*. It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Twombly*, 550 U.S. at 555. In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim. *Lormand*, 565 F.3d at 255–57. If there are insufficient factual allegations to raise a right to relief above the speculative level, *Twombly*, 550 U.S. at 555, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Carbe v. Lappin*, 492 F.3d 325, 328 & n. 9 (5th Cir.2007), the claim must be dismissed.

### *III. Analysis*

The Louisiana Medical Malpractice Act ("LMMA"), La. R. S. § 40:1231.1 *et seq*., governs claims of malpractice against qualified health care providers. Under the LMMA, malpractice is defined as "any unintentional tort or any breach of contract

based on health care or professional services rendered, or which should have been rendered, by a health care provider, to a patient...." La. R. S. § 40:1231.1(13). Health care providers include a facility or hospital, as well as "an officer, employee, partner, member, shareholder, or agent thereof acting in the course and scope of his employment." *Id*. at § 1231.1(10). Plaintiffs must submit malpractice claims to a medical review panel prior to filing suit. *Id*. at § 40:1231.8. This requirement also applies to malpractice claims brought within § 1983 actions. *See, e.g., John v. Woods*, 2016 WL 7852369, at *3 (W.D.La., 2016); *Herrin v. East Baton Rouge Sheriff's Office*, 2016 WL 4408999 at *6 (M.D.La., 2016); *Ford v. Cain*, 2016 WL 923111, *2 (M.D. La. 2016); *Thompson v. Ackal*, 2016 WL 1394352, at *14 (W.D.La., 2016); *Suffal v. Parish*, 2015 WL 631452, at *2 (E.D.La.,2015); *Ricks v. City of Alexandria*, 2012 WL 3255122, *5–*6 (W.D. La. 2012).

Here, it is undisputed that Chaisson was acting within the course and scope of her duties as a UHC employee and, as such, is a qualified healthcare provider under the LMMA. It is also undisputed that Plaintiff has not presented his claims against Chaisson to a medical review panel for review. Accordingly, the claims asserted by Plaintiff, Kenward Alexander, Jr., against Sandra Chaisson in the Second Amended Petition are premature and, as such, should be dismissed without prejudice.

## IV. Conclusion

For the reasons set forth above,

**IT IS ORDERED** that the unopposed Motion To Dismiss Under FRCP Rule 12(b)(6) On Grounds Of Prematurity On Behalf Of Sandra Chaisson [Rec. Doc. 84] is **GRANTED** and Plaintiff's claims against Chaisson are **DISMISSED WITHOUT PREJUDICE AS PREMATURE** pending completion of the Medical Review Panel Proceeding.

**THUS DONE AND SIGNED** this 19th day of March, 2017.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE