# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| Alexander | Civil Action No. 16-00470 |
| versus | Judge Carol B. Whitehurst |
| Neustrom, et al | By Consent of the Parties |

## MEMORANDUM RULING AND ORDER

Before the Court is A Motion To Dismiss under FRCP Rule 12(b)(1), lack of jurisdiction, and FRCP Rule 12(b)(6) failure to state a claim as to the Department of Corrections defendants, Michelle David, Tamyra Young, Melanie Benedict, Stayce Falgout and Dr. Raman Singh ("DOC Defendants"). [Rec. Doc. 81]. The Court conducted a hearing with the parties on May 19, 2017 in which oral argument was allowed. For the oral reasons assigned in the hearing and the reasons which follow, the Court grants the motion in part and denies the motion in part.

### *I. Background*

This action under 42 U.S.C. § 1983 arises out of an incident on March 18, 2015, when Plaintiff was a pretrial detainee in the Lafayette Parish Correctional Center ("LPCC"). Plaintiff alleges while he was detained in the LPCC, he was attacked by inmate Cody Fruge and struck twice in the face, causing injury to Plaintiff's jaw. Plaintiff was taken to University Medical Center ("UHC") where he

was diagnosed with bilateral mandible angle fractures, treated and released to the defendants. The providers at UHC instructed defendants that Plaintiff should be seen within 1 week (or by March 25th) at the ENT Clinic or with an oral maxiofacial specialist. Medical personnel submitted an "urgent" consult form to LSU Health Systems on March 19, 2015.

On March 20, 2016, UHC indicated that Plaintiff was scheduled for an appointment with the ENT Clinic on April 14, 2015—<u>27 days</u> after the incident. On his April 14 visit to the ENT Clinic, new CT scans and an evaluation and surgery at the LSU Health Oral and Maxillofacial Surgery Perkins Surgery Center on April 21, 2015 were ordered. Plaintiff was not seen at the LSU Clinic on April 21, 2015 because the LPSO "was not aware" of the appointment. Plaintiff was rescheduled and seen on April 27, 2015. At that visit a follow-up appointment was scheduled for May 5, 2015. After being seen at LSU Clinic on May 5 (LPSO contends no report is available), Plaintiff was scheduled for a follow-up appointment on June 11, 2015. On June 11, the LSU physician noted the jaw fractures were improperly healed and a CT scan and surgery were scheduled on June 15 and June 22, 2016, respectively. Surgery was performed on June 22 and Plaintiff was to follow-up in one week, June 30. Plaintiff's follow-up was scheduled for July 2, 2015 but LSU cancelled the appointment and rescheduled it for July 16, 2015. In the July 16 appointment,

2

Plaintiff was advised to follow-up in one week, but was rescheduled for July 27,11 days later. After his July 27 appointment, LPSO was told that "due to a missed appointment" Plaintiff needed another surgery. On August 4, 2015, Plaintiff's arch bars were removed at LSU Oral Surgery Clinic. On August 5, 2015 he was seen by DOC staff and placed on a regular diet. Plaintiff was released from custody on August 14, 2015.

Plaintiff filed this action in the Fifteenth Judicial District Court, Lafayette Parish; it was removed to this Court on April 7, 2016. *R.1*. In his original Petition, Plaintiff named as defendants various individuals employed with the Lafayette Parish Sheriff's Office, as well as the Sheriff of Lafayette Parish. *R. 1-2*. On July 13, 2016, Plaintiff filed a First Supplemental and Amended Petition for Damages, in which he named as an additional defendant, the State of Louisiana through the Louisiana Department of Corrections ("DOC").[1] *R. 34*. On December 22, 2016, Plaintiff filed a Second Supplemental and Amended Petition for Damages, in which he named as additional defendants, Michelle David, Tamyra Young, Melanie Benedict, Stayce Falgout, and Dr. Raman Singh, employees of DOC. *R. 60*. Plaintiff alleges that DOC, by and through its individual employees, breached its responsibilities and duties to

---

[1] On January 1, 2017, this Court issued a Memorandum Ruling and Order [Rec. Doc. 69], dismissing plaintiff's claims against the State of Louisiana through the DOC without prejudice.

ensure that Plaintiff's appointments were scheduled and that he received transportation, medical care, and treatment to appointments outside of the correction facilities. *Id.* Plaintiff seeks monetary damages and other relief under 42 U.S.C. § 1983 and Louisiana state law against these defendants.

## *II. Legal Standard - Rule 12(b)(1) and 12(b)(6) Motions to Dismiss*

Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case. *Ramming v. United States,* 281 F.3d 158, 161 (5th Cir.2001). A Rule 12(b)(1) motion to dismiss is the proper method with which to bring a motion to dismiss for lack of standing. *Harrison v. Safeco Ins. Co. of America,* 2007 WL 1244268, at *3 (E.D.La. Jan. 26, 2007) (citing *Ramming,* 281 F.3d at 161). The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *Ramming,* at 161. Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist. *Id.*

The standard for review of a motion to dismiss under Rule 12(b)(1) is the same as that for a motion to dismiss pursuant to Rule 12(b)(6). *Harrison,* 2007 WL 1244268, at *3. When deciding a Rule 12(b)(6) motion to dismiss, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.,* 495 F.3d 191, 205 (5th Cir.2007).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *In re Katrina Breaches Litig.*, at 205 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *In re Katrina Breaches Litig.* at 205 (quoting *Twombly,* at 555).

### *III. Law and Analysis*

*A. Motion To Dismiss Under Rule 12(b)(1)*

In their Motion to Dismiss, the DOC defendants contend that Plaintiff's § 1983 claims against them in their official capacities, as well as the state law claims against them, are barred by the Eleventh Amendment and should be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction.

"The Eleventh Amendment of the United States Constitution bars an individual from suing a state in federal court unless the state consents to suit or Congress has clearly and validly abrogated the state's sovereign immunity." *See Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 326 (5th Cir.2002) (citing U.S. Const. amend. XI). Sovereign immunity protects not just the state itself, but also "any state agency or entity deemed an 'alter ego' or 'arm' of the state." *Id.* This immunity applies unless it is waived by consent of a state or abrogated by Congress." *Cozzo v. Tangipahoa Parish Council–President Government*, 279 F.3d 273, 280–81 (5th Cir.2002).

Congress did not abrogate the states' Eleventh Amendment immunity by enacting § 1983. *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314 (5th Cir.1999). Moreover, Louisiana has not waived sovereign immunity. La. R.S. 13:5106(A) (prohibiting suits against the State in any court other than a Louisiana state court); *Champagne* at 314.

While Plaintiff does not identify what capacity in which he is suing the individual defendants, to the extent he is seeking monetary damages against the DOC defendants in their official capacities under §1983, such claims are deemed to be against the State of Louisiana. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991)("Suits against state officials in their official capacity therefore should be treated as suits against the state."). Because the State did not waive sovereign immunity with respect to the DOC defendants in their official capacities, the Eleventh Amendment bars Plaintiff's claims against them.

Plaintiff also brings claims against the DOC through their employees under various state law theories of negligence. Such claims of state law negligence against state officials performing acts within the course and scope of their employment are barred by the Eleventh Amendment as they are not claims against the employee in their individual capacity, but rather a claim against the state. *Hughes v. Savell*, 902 F.2d 376 (5th Cir. 1990); *Puollard v. Turner*, 184 F.3d 815, *1 (5th Cir.1999) (per

curiam) ("when a plaintiff accuses a state official of violating state common law when acting in the acting in the course and scope of their employment, the Eleventh Amendment prevents him from raising the claim in federal court"). Because Plaintiff's claims operate as claims against the State of Louisiana itself, this Court is without subject matter jurisdiction to adjudicate Plaintiff's state law claims against the DOC.[2]

In his opposition memorandum, Plaintiff argues that his claim for injunctive relief against the DOC defendants survives under the *Ex parte Young* doctrine—an equitable exception to Eleventh Amendment sovereign immunity. *Ex parte Young*, 209 U.S. 123, 155–56 (1908). The *Ex parte Young* doctrine allows a plaintiff to sue a state official, in his official capacity, in seeking to enjoin enforcement of a state law that conflicts with federal law. *See id.* at 159–60. It is a threshold question which, therefore, does not consider the merits of an action, focusing instead on whether the complaint makes the requisite claims against proper parties. During oral argument, the DOC defendants conceded they are not addressing the *Ex parte Young* exception

---

[2] During oral argument, counsel for Plaintiff explained that because he had a pending state count lawsuit against the DOC defendants he had no preference as whether or not the Court dismissed the individual state law claims. He argued, however, that the Court's dismissal would result in " piecemealing" this litigation. Thereafter, the Court stated that it would deny the motion as to the DOC defendants in their individual capacities and grant it in part as to the official capacity, except for the claims for injunctive relief. Upon reviewing the aforesaid jurisprudence as well as the jurisprudence cited by the parties in their oral arguments, the Court will grant the Defendants' motion as to Plaintiff's state law claims against the individual DOC defendants and dismiss them without prejudice.

and any such exception involving the DOC defendants in their official capacity remains.

Therefore, Plaintiff's official capacity claims under § 1983 as well as the individual Louisiana state law claims against the DOC Defendants will be dismissed without prejudice pursuant to the Eleventh Amendment.

***B. Motion to Dismiss For Failure to State a Claim Under Rule 12(b)(6)***

The DOC defendants argue that they are also entitled to dismissal of Plaintiff's § 1983 claims against them in their official capacities as such an action is considered against the state. They further argue that Plaintiff's claims asserted against them in their individual capacities should be dismissed with prejudice under the qualified immunity defense.

***1. § 1983 Official Capacity Claims***

To state a claim under 42 U.S.C. § 1983, Plaintiff must establish that a person, acting under color of law, deprived her of "rights, privileges, or immunities secured by the Constitution and laws" of the United States. State agencies and state officials acting in their official capacities are not "persons" within the meaning of the statute. There is no dispute that the LPCC is a state agency, nor that the DOC defendants are LPCC employees. Accordingly, Plaintiff's claims against the DOC employees and/or officials in their official capacities must be dismissed under § 1983.

*2. § 1983 Individual Capacity Claims*

Defendants contend the DOC defendants individual capacity claims should also be dismissed because Plaintiff fails to plead that *each* individual DOC defendant acted with deliberate indifference to his serious medical needs necessary to violate Plaintiff's 14th Amendment rights.

Deliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action. Even under the objective standard, liability requires more than unintentional negligent oversight or even gross negligence; there must be a deliberate choice. *City of Canton*, 489 U.S. at 388, n. 7; *Brown v. Callahan*, 623 F.3d 249, 255 (5th Cir. 2010). A claimant, however, need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. 825 (1994).

In paragraphs 16–19 of the Second Amended Complaint, *R. 60*, Plaintiff contends that the named DOC defendants were deliberately indifferent to Plaintiff's need for prompt and necessary medical care and pain medications, including their failure to timely return him to UHC for treatment of his jaw—resulting in a surgical procedure and improper healing. In paragraph 25, Plaintiff alleges:

Defendants failed to act with deliberate indifference upon known serious

9

medical needs in violation of his Fourteenth Amendment rights. This failure included the failure to promulgate and enforce proper procedures providing prompt medical treatment to Petitioner, by and through Defendants employees and contractors, by unnecessarily delaying treatment and placing Mr. Alexander at risk of improper healing due to untimely transportation to necessary appointments.

In considering the DOC defendant's motion under 12(b)(6), the Court must accept the factual allegations in Plaintiff's complaints as true and view them in the light must favorable to Plaintiff. Plaintiff has pled enough facts to state a plausible claim that the DOC defendants, in their individual capacities were deliberately indifferent to Plaintiff's serious medical needs under § 1983 and State law negligence, including assuring that he properly and timely received the prescribed treatment for his fractured jaw. The Court will deny the motion as to the DOC defendants in their individual capacities.

## IV. Conclusion

For the reasons set forth above,

**IT IS ORDERED** that the Motion To Dismiss filed by the DOC defendants, Michelle David, Tamyra Young, Melanie Benedict, Stayce Falgout and Dr. Raman Singh, [Rec. Doc. 81], is **GRANTED IN PART,** in that Plaintiff's state law claims against the DOC defendants are **DISMISSED WITHOUT PREJUDICE** and Plaintiff's § 1983 claims against the DOC defendants in their official capacities, with the exception of injunctive relief under the *Ex Parte Young* Doctrine, are **DISMISSED WITH PREJUDICE**; and **DENIED IN PART** as to Plaintiff's § 1983

claims against the DOC defendants in their individual capacities under Rule 12(b)(6).

**THUS DONE AND SIGNED** this 1st day of June, 2017.

_____
**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**